WELLIFE PRODUCTS; National Institute for Science Law and Public Policy, Petitioners,

v.

Donna E. SHALALA, Secretary, United States Department of Health and Human Services; U.S. Department of Health and Human Services; David A. Kessler, Commissioner of Food and Drugs; Food and Drug Administration; United States of America, Respondents.

No. 94-1293.

United States Court of Appeals, District of Columbia Circuit.

Submitted March 27, 1995.

Decided April 21, 1995.

James S. Turner, was on the brief, for petitioners.

Asst. Atty. Gen. Frank W. Hunger and Barbara C. Biddle, Asst. Director, Susan L. Strawn, and Gerald C. Kell, Attys., U.S. Dept. of Justice, were on the brief, for respondents. Douglas N. Letter, Counsel, U.S. Dept. of Justice, entered an appearance.

Sandra B. Eskin and Bruce Silverglade were on the brief, for amici curiae American Cancer Soc., American Heart Ass'n, Center for Science in the Public Interest, and Consumer Federation of America.

Before BUCKLEY, WILLIAMS, and TATEL, Circuit Judges.

PER CURIAM:

Petitioners, a marketer of dietary supplements and a not-for-profit consumer research and education organization, challenge a Food and Drug Administration ("FDA") regulation that limits the ability of vendors to publish health claims on the labels of vitamins, minerals, herbs, and other such dietary supplements. Petitioners claim that the regulation unduly burdens commercial speech in violation of the First Amendment of the Constitution. We find that we lack subject matter jurisdiction over the petition for review and, accordingly, have no authority to rule on its merits.

## I. STATUTORY BACKGROUND

In 1990, Congress passed the Nutrition Labeling and Education Act of 1990 ("NLEA"), Pub.L. No. 101–535, 104 Stat. 2353 (1990), which amended the Federal Food, Drug, and Cosmetics Act ("FDCA"), 21 U.S.C. § 301 *et seq.* (1988). The NLEA added a new subsection to the FDCA, which is codified at 21 U.S.C. § 343(r) (Supp. II 1990). That subsection governs the publication of health claims on the labels of both conventional foods and dietary supplements—*i.e.,* claims concerning the relationship between the product and a disease or health-related condition.

Under section 343(r)(3), the FDA may allow sellers to make health claims on the labels of conventional foods only after it determines that there is "significant scientific agreement" that the claim is supported by the totality of publicly available scientific evidence. *Id.* § 343(r)(3)(B)(i). Congress declined to mandate an equivalent standard for FDA approval of health claims on dietary supplements. Instead, in section 343(r)(5), Congress required the FDA to issue a regulation establishing the standard it would follow in approving health claims for publication on dietary supplement labels. *Id.* § 343(r)(5)(D).

On January 4, 1994, the FDA issued a final rule responding to this congressional directive. 59 Fed.Reg. 395 (1994) (codified at 21 C.F.R. § 101.14 (1994)). In that rule, the agency chose to adopt the same standard for approving health claims on the labels of dietary supplements as Congress required it to follow concerning the labels of conventional foods; namely, that the proponent of the health claim demonstrate "significant scientific agreement" as to its validity. *Id.* at 395, 416. Petitioners believe that this regulation unconstitutionally restricts their First Amendment rights. To assert this claim, they filed a petition for review directly with this court.

## II. JURISDICTION

■ Unlike many complex regulatory schemes, the FDCA does not provide for a single, uniform procedure for judicial review. Petitioners assert that we have jurisdiction over this matter pursuant to 21 U.S.C. § 371(f)(1) (1988), which provides for direct review in the courts of appeals of any order issued under section 371(e) of the FDCA. That section, in turn, specifically governs regulations issued by the FDA under the substantive statutory authority of sections 343(j), 344(a), 346, 351(b), 352(d), 352(h), and certain regulations issued under section 341. 21 U.S.C. § 371(e)(1) (Supp. II 1990). Because the FDCA makes no provision for the judicial review of regulations promulgated under section 343(r), such actions fall within the scope of the district courts' general federal-question jurisdiction. 28 U.S.C. § 1331 (1988); *see also Cutler v. Hayes,* 818 F.2d 879, 887 n. 61 (D.C.Cir.1987) (where FDCA silent on subject of judicial review, regulations directly reviewable only in district court).

Petitioners' arguments in support of our jurisdiction in spite of what appears to us to be a clear rule are unavailing. Their primary contention is that the regulation is responsive to the statutory mandate of 21 U.S.C. § 343(j), which provides that a food shall be deemed misbranded

> [i]f it purports to be or is represented for special dietary uses, unless its label bears such information concerning its vitamin, mineral, and other dietary properties as the Secretary determines to be, and by

regulations prescribes as, necessary in order fully to inform purchasers as to its value for such uses.

21 U.S.C. § 343(j) (1988). As petitioners point out, regulations issued under this section are reviewable in the courts of appeals under the authority of section 371(f)(1). Arguably, the FDA could have promulgated the regulation in question under the authority of section 343(j), which appears to overlap section 343(r)(5) in certain respects. But the agency specifically invoked the authority of section 343(r) by promulgating the regulation "in response to" the NLEA. 59 Fed.Reg. at 395. The NLEA enacted section 343(r) into law while having no effect on the language of section 343(j); the regulation, then, could only have been promulgated "in response to" and under the authority of section 343(r). As courts have noted in the past, the statutory authority claimed by an agency will determine which courts have jurisdiction to review its actions. *See National Nutritional Foods Ass'n v. FDA,* 504 F.2d 761, 772–73 (2d Cir. 1974) (finding jurisdiction under section 371(f)(1) where FDA rested its action on section 343(j)); *United States v. An Article of Food,* 482 F.2d 581, 583 (8th Cir.1973) (finding section 343(j) inapplicable where agency action was taken under the authority of section 343(a)). Because the regulation was issued under authority of section 343(r), section 371(f) does not give us jurisdiction to review it on direct appeal.

■ Petitioners also assert that the FDA's rulemaking conformed with the stringent procedural requirements that section 371(e) requires the FDA to follow when it promulgates regulations that are reviewable in the courts of appeals under section 371(f)(1). Whether this is in fact true (which the FDA disputes) is irrelevant to the determination of our jurisdiction. Congress has not endowed the FDA with the authority to create review jurisdiction in the courts of appeals merely by following the rulemaking procedures described in section 371(e).

■ Finally, petitioners suggest that we may assert "ancillary jurisdiction" over a regulation issued under the authority of section 343(r) because we would have had jurisdiction had the FDA promulgated the rule pursuant to section 343(j). Petitioners misunderstand the concept of ancillary jurisdiction. While it is true that, in certain circumstances, we review agency actions that normally would be subject to review only in the district court when we properly have jurisdiction over a related issue, *see Consolo v. Federal Maritime Comm'n,* 383 U.S. 607, 616–18 & n. 14, 86 S.Ct. 1018, 1024–26 n. 14, 16 L.Ed.2d 131 (1966), we are aware of no doctrine that permits us to assert jurisdiction to review agency actions merely because we could properly review similar actions under different circumstances.

As a court of appeals, we have only such jurisdiction as Congress confers on us. *Cutler,* 818 F.2d at 887 n. 61. Here, none has been conferred. Nevertheless, because the petition was mistakenly filed in the wrong court, rather than dismiss it, we find it "in the interest of justice [to] transfer [this] action ... to [the] court in which [it] could have been brought at the time it was filed." 28 U.S.C. § 1631 (1988); *Athridge v. Quigg,* 852 F.2d 621, 623 (D.C.Cir.1988). Accordingly, we direct that the petition be transferred to the United States District Court for the District of Columbia.

*So ordered.*