**WORKPLACE HEALTH & SAFETY COUNCIL, Petitioner**

**v.**

**Robert B. REICH, Secretary of Labor, et al., Respondents.**

**No. 94–1413.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 16, 1995.

Decided June 20, 1995.

Francis E. Froelich, Washington, DC, argued the cause for petitioner. With him on the briefs was Anthony J. Thompson.

Bruce Justh, Asst. Counsel, U.S. Dept. of Labor, Washington, DC, argued the cause for respondents. With him on the briefs were Joseph M. Woodward, Associate Sol., and Barbara U. Werthmann, Counsel.

Before BUCKLEY, SENTELLE and ROGERS, Circuit Judges.

SENTELLE, Circuit Judge:

In a pre-enforcement proceeding, petitioner Workplace Health and Safety Council (the "Council") challenges a Department of Labor ("DOL") rulemaking under the Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. § 651 *et seq.* (1988), claiming that the DOL failed to address a variety of claims allegedly raised in petitioner's comments to the proposed rule and that the rule itself is unconstitutional. Because we conclude that the challenged OSH rule is a regulation, rather than an OSH "standard," as defined in 29 U.S.C. § 652(8), we dismiss this petition for lack of jurisdiction and transfer it to the District Court for APA review under 5 U.S.C. § 703 (1988).

## I.

The Secretary of Labor, acting through the Occupational Safety and Health Administration ("OSHA"), has authority under the OSH Act to issue health and safety "standards" and "regulations" through rulemaking pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* (1988). *See* 29 U.S.C. §§ 655, 657(c), (g) (1988). Pursuant to the Secretary's statutory authority to promulgate regulations "necessary or appropriate for the enforcement of [the OSH Act] or for developing information regarding the causes and prevention of occupational accidents and illnesses," 29 U.S.C. § 657(c)(1), and his authority to "prescribe regulations requiring employers to maintain accurate records of, and to make periodic reports on, work-related deaths, injuries and illnesses," *id.* at § 657(c)(2), OSHA promulgated a rule entitled, "Reporting of Fatality or Multiple Hospitalization Incidents," 59 Fed.Reg. 15,594 (April 1, 1994), *codified at* 29 C.F.R. § 1904.8 (1994). That rule, deemed a "regulation" by OSHA in the preamble to

section 1904, 29 C.F.R. § 1904.8, provides in its entirety:

(a) Within 8 hours after the death of any employee from a work-related incident or the in-patient hospitalization of three or more employees as a result of a work-related incident, the employer of any employees so affected shall orally report the fatality/multiple hospitalization by telephone or in person to the Area Office of the Occupational Safety and Health Administration (OSHA), U.S. Department of Labor, that is nearest to the site of the incident or by using the OSHA toll-free central telephone number.

(b) This requirement applies to each such fatality or hospitalization of three or more employees which occurs within thirty (30) days of an incident.

(c) Exception: If the employer does not learn of a reportable incident at the time it occurs and the incident would otherwise be reportable under paragraphs (a) and (b) of this section, the employer shall make the report within 8 hours of the time the incident is reported to any agent or employee of the employer.

(d) Each report required by this section shall relate the following information: Establishment name, location of incident, time of the incident, number of fatalities or hospitalized employees, contact person, phone number, and a brief description of the incident.

OSHA proposed the rule in order to amend a prior reporting provision which required an employer to notify the nearest OSHA area office of any workplace accident that resulted in the death of one or more employees or the hospitalization of *five* or more employees within *48* hours of the incident. *See* 29 C.F.R. § 1904.8 (1971) (emphasis added).

In terse comments submitted during the APA notice and comment period, the Workplace Health and Safety Council, a trade association of both large and small employers, claimed that the proposed rule "raise[s] questions under the Fifth Amendment right of self-incrimination," because it "subject[s] employers to coercion in the form of civil fines for failure to provide information that could both lead to and be used as an element

of a criminal prosecution." The Council also noted, in a footnote, that "OSHA may want to consider the Fourth Amendment implications of requiring employers to produce information without a warrant and the limits the Standard places on the Sixth Amendment right to effective counsel." OSHA adopted the proposed rule without addressing the Council's comments. *See* 59 Fed.Reg. 15,594 (April 1, 1994).

The Council petitions this Court for review of the OSHA rule, claiming that OSHA acted arbitrarily in adopting the rule without responding to its constitutional concerns. The Council also argues that the rule, as adopted, facially violates the Fourth, Fifth and Sixth Amendments to the U.S. Constitution. Because we conclude that we do not have jurisdiction over this petition and that proper jurisdiction lies in the District Court under the APA, we need not reach the Council's substantive arguments.

## II.

■ Except where a statute provides otherwise or where "agency action is committed to agency discretion by law," 5 U.S.C. § 701(a), judicial review of agency procedure is governed by the APA. Absent some express statutory directive to the contrary, "persons seeking review of agency action go first to district court [under APA Section 703] rather than to a court of appeals." *International Brotherhood of Teamsters v. Pena*, 17 F.3d 1478, 1481 (D.C.Cir.1994) (citing 5 U.S.C. § 703). Thus, review of this OSHA rule lies in the District Court unless the OSH Act or other statutory directive commits review of OSHA rules to the courts of appeals.

The OSH Act authorizes the Secretary of Labor to promulgate "standards" and "regulations"—two different types of rules. *See* 29 U.S.C. § 655(b) (granting authority to promulgate "any occupational safety or health standard"); 29 U.S.C. § 657(c)(1) (granting authority to promulgate certain record-keeping requirements by "regulation"). The Act grants to any person "adversely affected by a *standard*" the right to file a petition for judicial review of the standard in the United States Court of Appeals

for the circuit of the person's residence within 60 days of its promulgation. 29 U.S.C. § 655(f) (emphasis added). The Act defines the term "standard," stating:

> The term "occupational safety and health standard" means a standard which requires conditions, or the adoption or use of one or more practices, means, methods, operations, or processes, reasonably necessary or appropriate to provide safe or healthful employment and places of employment.

29 U.S.C. § 652(8). The Act does not contain a corresponding definition of the statutory term "regulation;" nor does it provide for special review of an OSHA "regulation" in the courts of appeals. Thus, a party seeking to challenge a "standard," as defined in section 652(8), may petition a court of appeals, but a party seeking to challenge a "regulation" must seek review in the District Court. As the Fifth Circuit has noted, "Congress fashioned two entirely different modes of legal requirements in this statute, with correspondingly distinct methods for review: standards addressed to particular hazards already identified receive direct review in the Courts of Appeals; the important but perhaps less urgent procedures for detection and enforcement must obtain initial review in the District Courts." *Louisiana Chemical Ass'n v. Bingham*, 657 F.2d 777, 785 (5th Cir.1981) (footnote omitted); *accord United Steelworkers of America v. Auchter*, 763 F.2d 728, 733 (3d Cir.1985).

In order to determine our jurisdiction, then, we must inquire whether section 1904.8 is a "standard" or a "regulation." If it is the former, section 6(f) of the OSH Act grants this Court jurisdiction to review this reporting requirement. 29 U.S.C. § 655(f). If the latter, we have no jurisdiction over this matter; jurisdiction lies in the District Court under the APA. *See Louisiana Chemical*, 657 F.2d at 785; *Auchter*, 763 F.2d at 733.

■ Our inquiry is informed by the case law of our sister circuits, especially the Fifth Circuit's analysis in *Louisiana Chemical*. In that case, after looking at the legislative history and related case law regarding the OSH Act, the Fifth Circuit adopted a useful test

for determining whether a rule is a "standard" or a "regulation." The court stated that the "basic function of the rule, rather than the exact nature of the 'practices, means, methods, operations or processes' that it embodies, distinguishes a standard from a regulation." *Louisiana Chemical*, 657 F.2d at 781 (footnote omitted). Against that basic framework, the court discerned from the materials it reviewed that "a standard [is] a remedial measure addressed to a specific and already identified hazard, not a purely administrative effort designed to uncover violations of the Act and discover unknown dangers. In short, standards should aim toward correction rather than mere inquiry into possible hazards." *Id.* at 782 (footnote omitted). Thus, the test adopted by the Fifth Circuit requires that a court "must determine whether the challenged rule reasonably purports to correct a particular 'significant risk' or instead is merely an enforcement or detection procedure designed to further the goals of the Act generally." *Id.* If the latter, the rule is a regulation, the review of which lies in the District Court. *Id.* at 785.

■ We believe the Fifth Circuit's *Louisiana Chemical* test provides a proper and meaningful method of differentiating between "standards" and "regulations" under the OSH Act. Thus, we will ask whether the rule, in its "basic function," *id.* at 781, "reasonably purports to correct a particular 'significant risk,'" and is thus a "standard," or rather is merely a general enforcement or detection procedure and thus a "regulation." *Id.* at 782, 785.

In this case, petitioner does not argue that the *Louisiana Chemical* test should not apply in this circuit. Rather, it contends that the challenged rule fits within the *Louisiana Chemical* definition of "standard," and thus is within this Court's jurisdiction under OSH Act. It points to the three purposes it contends were articulated by OSHA: (1) to enhance OSHA's ability to bring criminal and civil charges against employers who have reportable incidents; (2) to protect other employees at the worksite where a reportable incident has occurred; and (3) to collect more accurate data for future enforcement actions

and standard setting. Petitioner argues that the second of these purposes brings this rule within the definition of "standard." We disagree. Under petitioner's reading of the *Louisiana Chemical* test, there would be no OSHA rule which does not meet the "standard" definition because all OSHA rules, in some sense, aim at protecting workers. In classifying the rule, however, we must look to the *basic purpose* of the rule. *Louisiana Chemical*, 657 F.2d at 781.

In this case, the basic function of the rule is administrative, allowing the Administration to collect information about unknown hazards which cause injuries or death. OSHA indicated, in adopting the final rule, that OSHA investigations "provide the agency with information on the causes of employment fatalities, injuries and illnesses to identify and require correction of serious hazards and to prevent the occurrence of such incidents in the future." 59 Fed.Reg. at 15,594. Additionally, the rule allows for prompt investigation of possible OSHA violations and provides information for future standard setting. *Id.* In order to achieve these intended purposes, OSHA investigations "must be prompt and thorough." *Id.* This language makes clear that the regulation aims at information-gathering for a range of potential hazards, rather than aiming toward correction of a "particular 'significant risk.'" *Louisiana Chemical*, 657 F.2d at 782.

The text of the rule as adopted supports this conclusion. As adopted, the rule simply requires immediate reporting of information regarding all accidents which result in the threshold number of deaths or injuries. *See* 29 C.F.R. § 1904.8. In its basic function, the rule is simply a device which generally enhances enforcement and detection of potential hazards by providing immediate but limited information regarding their occurrence. It does not seek on its face to correct those hazards. As an "important but perhaps less urgent procedure for detection and enforcement," the challenged rule is a "regulation" over which we cannot exercise jurisdiction at this time. *Id.* at 785.

### III.

Because this rule is a "regulation" under the OSH Act, we cannot exercise jurisdiction

over this petition for review. *See Louisiana Chemical,* 657 F.2d at 785; *Auchter,* 763 F.2d at 733. This does not require dismissal of the petition. Because proper jurisdiction lies in the District Court under the APA, 5 U.S.C. § 703, we shall, in the interest of justice, transfer this action to the District Court for consideration on the merits. 28 U.S.C. § 1631 (1988) (federal court which lacks jurisdiction over petition for review of agency action "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought ...."); *see Wellife Products v. Shalala,* 52 F.3d 357, 359 (D.C.Cir.1995). Accordingly, we direct that the petition be transferred to the District Court.