**Eastern Bridge v. Elaine Chao          CV-02-158-B    06/14/02**
                 **UNITED STATES DISTRICT COURT**
            **FOR THE DISTRICT OF NEW HAMPSHIRE**


**Eastern Bridge LLC et al.**

   **v.**                              Civil No. 02-158-B
                                       **Opinion No. 2002 DNH 119**
**Elaine L. Chao et al.**



                    <u>**MEMORANDUM AND ORDER**</u>

     On April 4, 2002, plaintiffs (who are New Hampshire

corporations) filed this action for declaratory and injunctive

relief against the United States Secretary of Labor and the

Assistant Secretary of Labor for the Occupational Safety and

Health Administration ("OSHA").  As presently pleaded, the action

seeks to enjoin defendants from mandating that plaintiffs

complete a Data Collection Initiative survey during the present

calendar year and from making use of data plaintiffs submitted to

defendants in surveys issued and responded to in prior calendar

years going back to 1998.  Plaintiffs complain that, because the

surveys in question required (and require) plaintiffs to report

certain pre-2002 employment information that they were not

separately obliged by regulation to create and maintain until

January 2002,[1] OSHA's mandate is beyond the warrant of, and thus violative of, the Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. §§ 651 et seq.; the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 et seq.; and the Fourth Amendment.

Defendants have moved to dismiss this case for lack of subject matter jurisdiction under the doctrines applied in Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-18 (1994) (holding that the comprehensive review process set forth in the Mine Safety and Health Amendments Act ("MSH Act") for resolving disputes involving applications of the MSH Act and the standards and regulations it authorizes precludes district courts from exercising subject matter jurisdiction over claims that can be resolved within that process) ("Thunder Basin doctrine") and Northeast Erectors Ass'n of the BTEA v. Secretary of Labor, 62 F.3d 37, 39-41 (1st Cir. 1995) (applying the Thunder Basin doctrine to a suit seeking to enjoin OSHA from enforcing certain

---

[1]Prior to January 1, 2002 (and at all relevant times for purposes of this lawsuit), 29 C.F.R. § 1904.17 required employers to complete and return the surveys without explicitly and separately obliging employers to create and maintain the underlying data to be reported on the survey. Effective January 2002, part 1904 was significantly revised so as to explicitly require the creation and maintenance of the data to be reported. See 29 C.F.R. § 1904.41 (2002).

regulations authorized under the OSH Act because the OSH Act review process is "nearly identical" to the review process set forth in the MSH Act); see also Sturm, Ruger & Co., Inc. v. OSHA, 186 F.3d 63, 64 (1st Cir. 1999) (reaffirming the presumptive priority of the OSH Act's administrative process for claims that can be adjudicated within that process); United States v. Sturm, Ruger & Co., Inc., 84 F.3d 1, 4-6 (1st Cir. 1996) (similar). At the May 20, 2002 hearing where I denied plaintiffs' motion for a preliminary injunction, I orally stated and explained my inclination to accept defendants' jurisdictional argument and to grant the motion to dismiss. This memorandum and order confirms that I will grant defendants' motion on the basis of the Thunder Basin doctrine, as applied in Northeast Erectors.

After noting that the OSH Act expressly authorizes the bringing of original actions in the United States District Court in only a few, non-applicable (in Northeast Erectors and here) situations, see 62 F.3d at 39, Northeast Erectors applied the Thunder Basin doctrine to a "pre-enforcement" action seeking to enjoin OSHA from enforcing certain regulations promulgated under the OSH Act, id. at 40. In doing so, the Northeast Erectors panel made clear its view of congressional intent with respect to

the administrative process mandated by the OSH Act: that claims which can be addressed within the OSH Act's "detailed administrative procedure" be addressed within that milieu and not in an injunctive proceeding brought in this court. See id. I am, of course, duty-bound to apply Northeast Erectors[2] unless plaintiffs persuade me that this case does not fall within the scope of its reasoning. I turn now to their contentions.

Plaintiffs primary line of argument is that this is not a pre-enforcement challenge to an OSHA regulation; it "is a challenge to an agency survey – the conduct of the agency not the conduct of the persons regulated – in which the plaintiff[s] argue[] the agency is acting beyond the authority granted it by

---

[2]For this reason, I am precluded from considering whether Chamber of Commerce v. United States Dep't of Labor, 174 F.3d 206, 209 (D.C. Cir. 1999) and Workplace Health & Safety Council v. Reich, 56 F.3d 1465, 1467-69 (D.C. Cir. 1995) have implicitly rejected the reasoning of Northeast Erectors with respect to whether and how the Thunder Basin doctrine applies within the context of pre-enforcement challenges to OSHA regulations brought under the APA but capable of being addressed within the administrative process contemplated by the OSH Act. In any event, I agree with Judge Huvelle that the D.C. Circuit has not in these two cases rejected the reasoning of Northeast Erectors. See Sturm, Ruger & Co., Inc. v. Herman, 131 F. Supp. 2d 211, 219 n.4 (D.D.C. 2001); but see Nat'l Mining Assoc. v. Chao, 160 F. Supp. 2d 47, 55-56 & n.6 (D.D.C. 2001) (seemingly regarding the D.C. Circuit and the First Circuit as disagreeing on this issue), appeal pending No. 01-5278 (D.C. Cir.).

Congress and <u>without</u> statutory or regulatory authority."
Memorandum in Opposition to Defendants' Motion to Dismiss and for
Judgment on the Pleadings at 23-24. Plaintiffs also cite <u>Lepre</u>
<u>v. Dep't of Labor</u>, 275 F.3d 59, 72 (D.C. Cir. 2001), in support
of the proposition that there is a "strong presumption that
Congress intends judicial review of administrative action . . .,
which may be overcome only upon a showing of clear and convincing
evidence of a contrary legislative intent." (discussing, <u>inter</u>
<u>alia</u>, <u>Leedom v. Kyne</u>, 358 U.S. 184 (1958)) (other citations and
internal quotation marks omitted).

But semantics aside, this lawsuit <u>is</u> properly regarded as a
pre-enforcement challenge to the prospective application a
regulation which is asserted to be <u>ultra</u> <u>vires</u> – 29 C.F.R. §
1904.17 – and for which there <u>is</u> judicial review in the court of
appeals at the conclusion of the administrative proceedings. As
discussed at the May 20, 2002 hearing, plaintiffs may decline to
complete the survey and then, should they be cited for doing so,
press their <u>ultra</u> <u>vires</u> challenge to the lawfulness of the
regulation as a defense in the administrative process. So too
may plaintiffs obtain court review of their <u>ultra</u> <u>vires</u> argument
by appealing any adverse administrative determination to the

court of appeals in accordance with the provisions of the OSH Act.

Plaintiffs also contend that a merits review of their ultra vires argument is effectively unavailable either because OSHA will seek to avoid such review by not citing them or because defendants will contend that plaintiffs have, by completing and returning surveys in prior years, forfeited their rights to contest the lawfulness of 29 C.F.R. § 1904.17 in any future agency adjudication. The short answer to this line of argument is, as discussed at the May 20, 2002 hearing, that (1) plaintiffs will have nothing to complain about if they decline to answer this year's survey and are not cited, and (2) saying that there may not be a merits determination because of plaintiffs' forfeiture is not the same thing as saying that a merits determination is unavailable within the administrative-proceedings-followed-by-judicial-review process prescribed by the OSH Act. See Sturm, Ruger, & Co., 131 F. Supp. 2d at 219 (rejecting this argument in the course of concluding that the court lacked subject matter jurisdiction over a complaint containing the same allegations made in this case).

As I stated at the May 20, 2002 hearing, I do not foreclose

the possibility that there might be subject matter jurisdiction in this court to entertain a pre-enforcement challenge to prospective and allegedly _ultra_ _vires_ OSHA conduct not subject to challenge in the administrative process and/or for which post-enforcement court review is not practically available. But this is not such a case. Accordingly, and for the reasons set forth herein and at the May 20, 2002 hearing, I grant defendants' motion to dismiss for lack of subject matter jurisdiction [document no. 12] and deny all other pending motions as moot. The Clerk is directed to enter judgment accordingly and to close the case.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

June 14, 2002

cc:  Richard D. Wayne, Esq.
     Gretchen Leah Witt, Esq.